UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

MICHAEL A. TAYLOR,

        Petitioner,

v.

CONNIE HORTON,

        Respondent.

_____/

Case No. 2:19-cv-188

Honorable Paul L. Maloney

**OPINION**

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I. **Factual allegations**

Petitioner Michael A. Taylor is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Following a jury trial in the Macomb County Circuit Court, Petitioner was convicted of five counts of armed robbery under Mich. Comp. Laws § 750.529, two counts of conspiracy to commit armed robbery under Mich. Comp. Laws §§ 750.529 and 750.157a, and possession of a firearm during the commission of a felony under Mich. Comp. Laws § 750.227b. On August 2, 2017, the court sentenced Petitioner to concurrent prison terms of 25 to 26 years for each robbery conviction, to run consecutively with a sentence of 2 years for the firearm conviction.

On September 16, 2019, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on September 16, 2019. (Pet., ECF No. 1-1, PageID.16.) The petition was received by the Court on September 19, 2019. For purposes of this Opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

The petition raises three grounds for relief, as follows:

I. FOURTH AMENDMENT VIOLATED WITH AN UNREASONABLE SEIZURE.

II. TRIAL COURT ABUSE[D] DISCRETION IN FAILURE TO SEVER THE SEPARATE CHARGES.

III. INSUFFICIENT EVIDENCE.

(Pet., ECF No. 1, PageID.2.)

**II. AEDPA standard**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013); *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly

established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This

presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. Ground I: Seizure

Petitioner contends that his convictions should be vacated alleging that police unreasonably seized his shoes in violation of his Fourth Amendment rights. (Pet., ECF No. 1, PageID.6.) The United States Supreme Court has clearly articulated that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). Thus, although the Supreme Court has adopted the exclusionary rule for violations of the Fourth Amendment, *see Mapp v. Ohio*, 367 U.S. 643, 657-60 (1961), it is merely a prudential doctrine. *See United States v. Calandra*, 414 U.S. 338, 347 (1974). The Fourth Amendment "says nothing about suppressing evidence" nor does the Amendment require it. *Davis v. United States*, 564 U.S. 229, 236 (2011). To rephrase, "[e]xclusion of evidence under the rule 'is not a personal constitutional right.'" *United States v. Moorehead*, 912 F.3d 963, 967 (6th Cir. 2019) (quoting *Stone v. Powell*, 426 U.S. 465, 486 (1976)).

Here, the trial court held a hearing on Petitioner's motion to suppress the shoes. *People v. Taylor*, No. 339721 at 3 (Mich. Ct. App. Feb. 5, 2019), http://publicdocs.courts.mi.gov/opinions/final/coa/20190205_c339721_54_339721.opn.pdf. Petitioner further challenged the introduction of his shoes on appeal, but the Michigan Court of Appeals determined that discovery of the shoes was inevitable. *Id.* at 4-5; *see also Nix v. Williams*,

5

467 U.S. 431, 444 (1984). Petitioner had his Fourth Amendment suppression arguments heard by both the state trial and appellate courts. The state courts used reasoned analysis to conclude that Petitioner's shoes were not subject to suppression. Moreover, Petitioner proffers no basis why the state courts failed to provide an opportunity to fully and fairly litigate his claim.

Thus, Petitioner's claim of an unreasonable seizure in violation of the Fourth Amendment is not subject to review in this proceeding. Accordingly, Petitioner's first ground for habeas relief is denied.

## IV. Ground II: Failure to Sever Trials

Petitioner claims the trial court abused its discretion when it denied a separate trial from his co-defendant, thus depriving Petitioner of due process and a fair trial. (Pet., ECF No. 1, PageID.7.) Petitioner asserts that severance was warranted because "no physical evidence or identification . . . connect[ed] him to the Domino's Pizza robbery." (*Id.*)

"[A] state trial court's alleged abuse of discretion, without more, is not a constitutional violation." *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001). Severance is governed by Michigan state law. *See* Mich. Ct. R. 6.120, 6.121; *Hutchison v. Bell*, 303 F.3d 720, 731 (6th Cir. 2002). As a state-law issue, the Court will not grant habeas relief "unless the 'error rises to the level of depriving the defendant of fundamental fairness in the trial process.'" *Hutchison*, 303 F.3d at 731 (quoting *Serra v. Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993)).

Moreover, there is no decision of the United States Supreme Court clearly establishing a right under the Due Process Clause to separate trials or juries. Joint trials play a vital role in the criminal justice system. *Richardson v. Marsh*, 481 U.S. 200, 209 (1987). Joint

trials generally serve the interests of justice by avoiding inconsistent jury verdicts and facilitating the efficiency and fairness of the criminal justice system. *Id.* at 209-10.

The Supreme Court has delineated few constitutional rules in this area. The Court has held that separate trials are constitutionally required where the prosecution intends to introduce the confession of a co-defendant which incriminates another defendant. *See Bruton v. United States*, 391 U.S. 123, 137 (1968). The *Bruton* rule is designed to vindicate a defendant's right to confront his accusers, so separate trials are not necessary when the co-defendant is subject to cross-examination. There was no Confrontation Clause problem during Petitioner's trial because neither defendant confessed, and thus neither defendant's confession could be used without cross-examination to incriminate the other.

Beyond the *Bruton* rule, the Supreme Court has left the matter of severance to state law and the trial judge's discretion. The Court remarked in *United States v. Lane*, 474 U.S. 438 (1986), that the denial of a motion for severance does not in and of itself implicate constitutional rights. The Constitution is implicated only when the failure to sever trials is so prejudicial that it imperils a defendant's right to a fair trial. *Id.* at 446 n.8. Consequently, a "petitioner seeking habeas relief on the basis of a trial court's failure to sever his trial from his co-defendants bears a very heavy burden." *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001).

In *Zafiro*, the joined co-defendants challenged the failure to sever because they offered conflicting defenses. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Supreme Court declined to adopt a "bright line" rule requiring severance whenever co-defendants have conflicting defenses. *Zafiro*, 506 U.S. at 538. "Mutually antagonistic defenses are not prejudicial *per se*." *Id.* at 538-39. For example, "Rule 14 does not require severance even if prejudice is

shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* at 538-39. The Supreme Court noted that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id.* However, the Sixth Circuit recognizes *Zafiro* is based on the Federal Rules of Criminal Procedure, not constitutional grounds. *See Phillips v. Million*, 374 F.3d 395, 398 (6th Cir. 2004) ("*Zafiro* involved the interpretation of Federal Rules of Criminal Procedure 8, 14, and 18, not the United States Constitution. *Zafiro* thus has no precedential weight in reviewing state court proceedings on due process grounds. . . ."). Thus, while *Zafiro's* value as precedent in the habeas context is limited, the Court's analysis can be instructive.

Petitioner does not point to any reason a joint trial deprived him of fundamental fairness. *See Hutchison*, 303 F.3d at 731. Instead, Petitioner appears to simply argue that a jury may have been more likely to find in his favor had the trial court severed the trials. But "a defendant is not entitled to severance merely because he might have had a better chance at acquittal in a separate trial." *Stanford*, 266 F.3d at 458 (citing *Zafiro*, 506 U.S. at 540).

Likewise, Petitioner has not pointed to any reason the joint trial was so prejudicial that it imperiled his right to a fair trial. *See Lane*, 474 U.S. at 446 n.8. Certainly, if limiting instructions would suffice to cure prejudice where defenses actually conflict, in Petitioner's case, where the co-defendant's defense was in no way inconsistent,[1] limiting instructions should be sufficient as well. Further, as the Michigan Court of Appeals acknowledged, "evidence of the

---

[1] The Michigan Court of Appeals accurately noted that both defendants raised the same defense: "both defendants maintain that they did not commit the robberies." *People v. Taylor*, No. 339721 at 6 (Mich. Ct. App. Feb. 5, 2019). There was no aspect of either defendant's defense that implicated the other. If the jury found the defendants' defenses credible, they could have found that neither defendant was guilty. The defenses were in no way mutually exclusive.

8

other defendant's conduct would have been admitted in each defendant's trial in any event." *People v. Taylor*, No. 339721 at 6 (Mich. Ct. App. Feb. 5, 2019).

As noted above, other than in the most extreme cases, the Supreme Court has left the issue of severance to state law and the trial court's discretion. Petitioner's case is not an extreme case. Petitioner has failed to show any error depriving him of fundamental fairness in the trial process. Nonetheless, if the proceedings had been severed, the evidence of Petitioner's co-defendant's conduct would have been admitted. Consequently, Petitioner has failed to demonstrate that the state court's refusal to sever his prosecution from that of his co-defendant caused him prejudice so severe as to render his trial unfair.

Thus, the state court's refusal to sever is neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, Petitioner's second ground for habeas relief is denied.

## V. Ground III: Sufficiency of Evidence

Petitioner contends that his convictions for armed robbery occurring at Domino's Pizza should be vacated, as there was "insufficient evidence of intent . . . where the only evidence connecting [Petitioner] to the offense was a ski mask and a glove found in his car . . . ."[2] (Pet., ECF No. 1, PageID.9.) A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in

---

[2] Petitioner did not raise this precise claim to the Michigan Court of Appeals. Rather, Petitioner argued the merits of this claim to the Michigan Court of Appeals as an error of the trial court for failure to direct a verdict on these charges in Petitioner's favor. *See People v. Taylor*, No. 339721 at 6-7 (Mich. Ct. App. Feb. 5, 2019). As described below, the analysis is the same.

testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Issues of credibility may not be reviewed by the habeas court under this standard. *See Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

The *Jackson v. Virginia* standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. Moreover, because both the *Jackson* standard and AEDPA apply to Petitioner's claims, "the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan Court of Appeals' consideration of the trier-of-fact's verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008). This standard erects "'a nearly insurmountable hurdle'" for petitioners who seek habeas relief on sufficiency-of-the-evidence grounds. *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2008) (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

The Michigan Court of Appeals examined Petitioner's directed verdict claim using language adopted from *Jackson*:

> "When reviewing a trial court's decision on a motion for a directed verdict, this Court reviews the record de novo to determine whether the evidence presented by the prosecutor, view in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014), quoting *People v Aldrich*, 246 Mich App 101, 122; 631 NW2d 67 (2001).

* * *

> "Circumstantial evidence and reasonable inferences drawn therefore may be sufficient to prove the elements of a crime." *People v Jolly*, 442 Mich 458, 466; 502 NW2d 177 (1993). "[I]t is not permissible for a trial court to determine the credibility of witnesses in deciding a motion for a directed verdict of acquittal, not matter how inconsistent or vague that testimony might be." *People v Mehall*, 454 Mich 1, 6; 557 NW2d 110 (1997). "Rather, questions regarding the credibility of witnesses are left to the trier of fact." *People v Peña*, 224 Mich App 650, 659; 569 NW2d 871 (1997), mod in part on other grounds 457 Mich 885 (1998).

*People v. Taylor*, No. 339721 at 6-7 (Mich. Ct. App. Feb. 5, 2019). Although the court of appeals cited only Michigan cases, those cases expressly applied the *Jackson* standard. *See, e.g.*, *People v. Jolly*, 502 N.W.2d 177, 180, 184-85 (Mich. 1993). Consequently, the state courts applied the Supreme Court standard appropriate for analyzing the sufficiency of the evidence.

Petitioner attacks the sufficiency of the evidence to convict him for armed robbery. Armed robbery is a state statutory offense. *See* Mich. Comp. Laws § 750.529; *People v. Karasek*, 234 N.W.2d 761, 764 (Mich. Ct. App. 1975). The Michigan statute has four essential elements: "(1) that an assault was committed by defendant upon the complainant; (2) that the defendant feloniously took any property which might be the subject of larceny from the complainant or in his presence; [ ] (3) that the defendant was armed with a weapon described in the statute"; and (4) that the defendant had a specific intent to rob. *Karasek*, 234 N.W.2d at 764; *see also* Mich. Comp. Laws §§ 750.529-750.530; *People v. Reed*, 240 N.W.2d 492, 494 (Mich. Ct. App. 1976).

The court of appeals comprehensively analyzed the evidence adduced at Petitioner's trial in disposing of his directed-verdict claim:

> The trial court properly denied [Petitioner]'s motion for a directed verdict as to the Domino's charges. As previously discussed, both robberies were properly considered together as part of a connected series of events. Two men entered the Subway store. The masked individual approached the register and took the money while the gunmen held the others at bay. [Petitioner]'s footprint was found at the Subway store, positively identifying him as the man in the mask. His accomplice, Blake, was positively identified by two of the victims. Minutes later, the Domino's store was robbed by two individuals with the same modus operandi. Again, the

11

> masked individual took money from the register while the gunman held the others at bay. Although witnesses did not positively identify either defendant regarding the Domino's robbery, at least one witness indicated that the masked individual was wearing a white gardening glove with blue dots on the palm. The day after the robberies, both [Petitioner] and Blake were apprehended on fleeing and eluding charges. The car in which they were driving contained a white gardening glove and a mask. Both items contained [Petitioner]'s DNA. The circumstantial evidence and reasonable inferences thereto could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt.

*People v. Taylor*, No. 339721 at 7 (Mich. Ct. App. Feb. 5, 2019).

Petitioner does not challenge any of the evidence relied upon by the Michigan Court of Appeals as beyond the record. Instead, Petitioner baldly asserts that the "only evidence connecting him to the offense was a ski mask and a glove found in his car." (Pet., ECF No. 1, PageID.9.) The Michigan Court of Appeals' opinion plainly reveals that the jury considered far more evidence connecting Petitioner to the charges than a ski mask and glove. Notably, Petitioner does not challenge his convictions for armed robberies at the Subway sandwich shop nor did his state appeal. Therefore, Petitioner does not provide a rationale why the Court should ignore the abundance of evidence the court of appeals enumerated tying the robberies at Subway together with those at Domino's Pizza. The court of appeals pointed to the Domino's store robbery happening "[m]inutes later" with a common modus operandi. *People v. Taylor*, No. 339721 at 7 (Mich. Ct. App. Feb. 5, 2019). Both robberies involved two individuals, one masked and the other with a gun. At both robberies, the masked individual took money from the cash register while the gunman held others at bay. As the state courts determined, "both robberies were properly considered together as part of a connected series of events." *Id.* The court of appeals further noted that "[t]he jury watched video footage and still photos from each robbery," providing the trier-of-fact additional evidence that could either undermine or reinforce the connection between the two robberies. *Id.* at 3.

12

Petitioner does not challenge any facts described in the state court's opinion, much less dispute those facts with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 324 (2003). He merely argues that the jury should have reached a different conclusion on those facts. Such a claim falls far short of overcoming the presumption of correctness owed to the state-court decision. As a consequence, the facts described by the court of appeals must be accepted by this Court. Moreover, the state court's application of the *Jackson* standard to the elements of the offense was entirely reasonable.

Thus, the jury's convictions on charges of armed robbery at Domino's Pizza were supported by ample evidence. Accordingly, Petitioner fails to overcome the double deference owed to that determination on habeas review, and his final claim for habeas relief is denied.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where

court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a judgment and order consistent with this opinion.

Dated: November 14, 2019      /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge